# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIGUEL ANGEL HERNANDEZ,** | ) ) ) | |
| **Petitioner,** | ) ) | |
| **v.** | ) ) | **Case No. CIV-26-475-R** |
| **MARKWAYNE MULLIN et al.,** | ) ) ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Miguel Angel Hernandez, a Lawful Permanent Resident (LPR) of the United States, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 8, and Petitioner has replied. Doc. 10. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 within five business days

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of El Salvador and LPR of the United States who has been in immigration detention since September 10, 2025. Doc. 1, at 4. He became an LPR on November 1, 2001. *Id.* at 5. On August 5, 2025, Texas convicted him of online solicitation of a minor under Texas Penal Code § 33.021(c). *Id.* After his conviction, Respondents mandatorily detained him under 8 U.S.C. § 1226(c). They served him with a Notice to Appear (NTA) on that same date stating that he had been "admitted" to the United States and his status adjusted to LPR on November 1, 2001, and that due to his conviction he was removable under § 237(a)(2)(E)(i) of the Immigration and Nationality Act (INA). *Id.* Att. 1.

On December 9, 2025, an Immigration Judge (IJ) determined Petitioner's crime did not fall under INA § 237(a)(2)(E)(i), and as such, he was not "deportable" under that section. *Id.* Att. 2. The IJ granted Petitioner's motion to terminate the removal proceedings. *Id.* Respondents have appealed

2

the IJ's decision and the appeal remains pending before the Board of Immigration Appeals (BIA). *Id.* at 5.[2]

## II.    Petitioner's due process claim.

Petitioner asserts that his prolonged detention, away from family and his community, violates his Fifth Amendment right to due process. *Id.* at 5-6. He argues that he has prevailed before an IJ, has been detained for over six months, has an indefinite duration of confinement, and has received no individualized custody review. *Id.* at 7.

He seeks (1) not to be transferred out of this District; (2) issuance of a show cause order as to why relief should not be granted within three days;[3] (3) an order grating his release; (4) an individualized bond hearing within seven days; (5) injunctive relief to preserve jurisdiction and prevent irreparable harm; (6) a declaration his detention is unlawful; and (7) attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

---

[2]    Petitioner's immigration counsel filed a brief in the BIA appeal on April 14, 2026, and the Department of Homeland Security's (DHS) counsel filed a brief on April 22, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited May 5, 2026).

[3]    The Court's Order for a Response rendered these requests moot. Doc. 7.

### III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir. 2024) (stating that the court "must independently interpret the statutory

phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV.    Discussion.

### A.    Section 1226(c) governs Petitioner's detention.

In their Response, after acknowledging they detained Petitioner under § 1226(c), Respondents argue that "Petitioner's request to construe his detention as pursuant to a statue [sic] other than § 1225(b)(2)(A) is barred by the INA's jurisdiction channeling and stripping provisions." Doc. 8, at 1, 3. Respondents also "acknowledge that the Court has ruled on this issue and understand the case may be decided in similar fashion." *Id.* at 2 (citing *Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 (W.D. Okla. Jan. 13, 2026)).

Respondents essentially argue that § 1225(b)(2)(A) requires Petitioner's mandatory detention and that Petitioner is an applicant for admission. Doc. 8, at 2-3, 4, 8. Petitioner counters that, as an LPR, he should no longer be mandatorily detained under 8 U.S.C. § 1226(c) because the IJ ruled in his favor and his detention has exceeded constitutional limits. Doc. 1, at 5-7; Doc. 10, at 2, 4-5. Respondents' arguments fail to adequately acknowledge Petitioner's status as an LPR. *See e.g.*, Doc. 8, at 11 (maintaining that Petitioner "has not been admitted to the U.S.").

5

**B.    This Court has jurisdiction to consider Petitioner's claim.**

The Supreme Court has clarified that § 1226 does not provide a jurisdictional bar where a petitioner is "not asking for review of an order of removal[, is] not challenging the decision to detain them in the first place or to seek removal[, and is] not even challenging any part of the process by which their removability will be determined." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). So this Court's review of whether Petitioner is properly detained under § 1226(c) is not barred by 8 U.S.C. § 1252(b)(9). *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (reviewing detention under § 1226(c) and holding that § 1252(b)(9) did not "present a jurisdictional bar" to review (quoting *Jennings*, 583 U.S. at 294)); *see also Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction.").

**C.    Section 1226(c) and an as-applied due process challenge.**

Petitioner argues that he is entitled to a bond hearing because his mandatory detention without such a hearing has gone on for over six months in violation of his right to procedural due process. Doc. 1, at 5-7. The undersigned agrees. *See, e.g.*, *Diep v. Wofford*, 2025 WL 604744, at *4-5 (E.D. Cal. Feb. 25, 2025) (finding that the lawful permanent resident petitioner's

thirteen-month detention under § 1226(c) violated due process and ordering a bond hearing before an immigration judge).

Under § 1226(c), noncitizens who have committed one of certain listed offenses or who have been identified by the government as involved in terrorist activities are subject to mandatory detention. 8 U.S.C. § 1226(c)(1)(A)-(D). This subsection specifies that the "Attorney General shall take into custody" any such noncitizen. *Id.* It addresses and allows release in extremely limited circumstances: "only if the Attorney General decides . . . that release of the alien from custody is necessary for [witness protection purposes]." *Id.* § 1226(c)(4).

Because detention under § 1226(c) "is mandatory, . . . a noncitizen of the United States . . . [detained under this subsection] is not *statutorily* entitled to a bond hearing." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) (emphasis added); *see* 8 U.S.C. § 1226(c)(1); *Jennings*, 583 U.S. at 303. This does not end the inquiry, however, because Petitioner has raised a due process claim.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal quotation marks omitted). "[T]he

7

Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Tinoco v. Noem*, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) ("The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." (citing *Zadvydas*, 533 U.S. at 690)).

While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), it has not foreclosed an as applied challenge. Justice Kennedy specifically noted in his concurring opinion in *Demore* that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." *Id.* at 532. The Tenth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c).[4]

---

[4]    *Demore* and *Jennings* leave open the question whether prolonged detention under section 1226(c) without a bond hearing will *at some point* violate an individual detainee's due process rights. They also do not teach what procedures due process may require, and whether due process principles (as opposed to section 1226(c)'s terms) may properly be understood to call for a bright-line rule as to timing or in any other respect.

Even assuming Respondents eventually succeed in their appeal before the BIA, the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) (internal quotation marks omitted); *see Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained under § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" *Martinez v. Clark*, 2019 WL 5962685, at *1 (W.D. Wash. Nov. 13, 2019) (internal quotation marks omitted). This Court should join other courts that have found that unreasonably prolonged detention under § 1226(c) without a bond hearing can violate due process. *See Keo v. Chestnut*, 2026 WL

9

747117, at *2 (E.D. Cal. Mar. 17, 2026) ("[I]n cases where the length of detention far exceeds the limited period addressed in *Demore*, "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)." (quoting *Martinez v. Clark*, 36 F.4th 1219 (9th Cir. 2022))).

> **D.    Application of the *Mathews* factors to Petitioner's claim of prolonged detention under § 1226(c).**

The Court analyzes Petitioner's due process claim in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Ken. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (internal quotation marks omitted)).

10

In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. Petitioner maintains that these factors weigh in favor of his release or a bond hearing. Doc. 1, at 6-7; Doc. 10, at 4-5.

Petitioner's interest in his physical freedom as an LPR since 2001 "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondents deprived Petitioner of his protected status when they detained him under § 1226(c) and determined he was removable. *See* Doc. 10, at 2. And the deprivation will continue for an indefinite period while Respondents pursue an appeal to the BIA.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending

11

over two decades as a law-abiding LPR. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 522. But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondents appear not to comprehend the difference between § 1225(b)(2)(A), which they argue governs Petitioner's detention, and § 1226(c). In any event, there is no suggestion of criminal history apart from the Texas conviction which the IJ has determined does not make him removable. And much like someone detained without bond under section 1226(a), Petitioner has "no administrative mechanism by which [he] could have challenged [his] detention on the ground that it reached an unreasonable length." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020).[5] The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The

---

[5]    *Demore* was careful to emphasize the relatively short duration of section 1226(c) detention, stressing data showing that detention under section 1226(c) lasts roughly a month and a half in 85% of cases, and four months where the noncitizen chooses to appeal. *See Demore*, 538 U.S. at 529.

risk of an erroneous deprivation of Petitioner's liberty interest is considerable given his lengthy time as an LPR, the IJ's decision, and the lack of any timetable for review by the BIA. The "procedures used" for § 1226(c) detainees are very few. *Black*, 103 F.4th at 152. "They include no mechanism for a detainee's release, nor for individualized review of the need for detention." *Id.* "The only procedural protection in place is the *Joseph* hearing, at which noncitizens can contest whether they in fact committed a crime that makes them subject to mandatory detention." *Id.* (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). Because § 1226(c) detainees receive even less procedural protection than those detained under § 1226(a), "the risk of erroneous deprivation is correspondingly greater." *Id.*

The Second Circuit has weighed in on § 1226(c)'s scope:

[S]ection 1226(c)'s broad reach means that many noncitizens are detained "who, for a variety of individualized reasons, are not dangerous, have strong family and community ties, are not flight risks and may have meritorious defenses to deportation at such time as they are able to present them." Section 1226(c) sweeps in people convicted of many nonviolent offenses, and does not take into account when the prior crime was committed, suggesting that the prior conviction may well be a poor proxy for a finding of dangerousness.

*Id.* (internal quotation marks omitted).

This factor thus weighs in Petitioner's favor because the length of his future detention remains indefinite and may span several more months. *See*

13

*Durand v. Allen*, 2024 WL 711607, at \*5 (S.D. Cal. Feb. 21, 2024) (finding this factor weighed in the petitioner's favor even a month after argument on Ninth Circuit appeal had occurred).

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. The Court recognizes the Government's interest in protecting the community from noncitizens who have been involved in crimes that Congress has determined differentiate them from others. The Government also has an interest in ensuring Petitioner's appearance at proceedings. While Texas has placed Petitioner on an eight-year "deferred adjudication [of guilt]" under "community supervision" (*see* Doc. 8, Att. 1, at 5-10), Respondents offer no arguments on the impact of this probationary period on the removal proceedings. The Court recognizes these interests are legitimate and their importance well-established. *See Demore*, 538 U.S. at 518-21 (noting that section 1226(c) detention serves these dual purposes).

The additional procedural safeguards the Court would allow here under *Mathews* do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees. So this factor also weighs in Petitioner's favor.

14

**E.    Petitioner should receive an individualized bond hearing.**

For individuals detained under § 1226(c) for more than six months and/or whose detention is indefinite or unreasonably prolonged, the due process protection is generally a bond hearing, not release. *See, e.g., Keo,* 2026 WL 747117, at *4; *Jose G. M. L. v. Warden of the Golden State Annex Detention Facility,* 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

The undersigned therefore recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within five business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

**V.    Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. At that hearing, the Government should carry the burden of justifying**

15

**Petitioner's detention by clear and convincing evidence. If the Government fails to do so, it must release him.**

**The undersigned further recommends that the Court order Respondents certify compliance by filing a status report within ten business days of the Court's order.** Counsel for Respondents should also provide a copy of the Court's order to Counsel for the Warden of the Cimarron Correctional Center without delay.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 11, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United*

---

[6]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to five days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

16

*States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 6th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

17