**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MIGUEL ANGEL HERNANDEZ,                  )
                                         )
              Petitioner,                )
                                         )
v.                                       )          Case No. CIV-26-475-R
                                         )
MARKWAYNE MULLIN, et al.,                )
                                         )
              Respondents.               )

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Suzanne Mitchell recommending this Court order Respondents to provide Petitioner with a bond hearing due to his unreasonably prolonged detention under 8 U.S.C. § 1226(c). Respondents filed a timely Objection [Doc. No. 13] to the Report. Petitioner filed a limited Objection to the Report [Doc. No. 12]. The matter is now at issue.

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court

1

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where it fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060.

The Court must now make a *de novo* determination of the portions of the Report to which the parties objected. 28 U.S.C. § 636(b)(1).

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. He argues his mandatory detention pursuant to § 1226(c) has been unreasonably prolonged in violation of his Fifth Amendment Due Process rights.

Judge Mitchell found Petitioner's detention is governed by 8 U.S.C. § 1226(c), which provides that noncitizens who have committed certain crimes are subject to mandatory detention.[1]

Judge Mitchell also found that although the Supreme Court has rejected facial challenges to mandatory detention under § 1226(c), *see Demore v. Kim*, 538 U.S. 510 (2003),[2] as-applied challenges to prolonged detention under § 1226(c) are still viable. Respondents object, arguing the Court should decline to find an as-applied constitutional violation where the Supreme Court has rejected a facial violation. Respondents rely on *Demore*, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Jennings v. Rodriguez*, 583 U.S. 281

---

[1] Respondents do not specifically object to Judge Mitchell's finding that Petitioner is detained pursuant to § 1226(c) and have thus waived this Court's de novo review of the issue. In any event, the Court agrees with Judge Mitchell.

[2] *See also Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) (detention under § 1226(c) "is mandatory" and thus "a noncitizen . . . [detained under § 1226(c)] is not statutorily entitled to a bond hearing").

(2018), arguing that detention pursuant to § 1226(c) has an endpoint and is typically of a much more limited duration than post-removal order cases. Thus, Petitioner cannot claim indefinite detention while his removal proceedings remain pending.

Various courts have found the Supreme Court left open the possibility for as-applied challenges to prolonged detentions pursuant to § 1226(c). *See, e.g.*, *Smith v. Barr*, 444 F. Supp. 3d 1289, 1299-1300 (N.D. Okla. 2020) (finding it appropriate to conduct a reasonableness analysis to determine whether the petitioner's prolonged mandatory detention under § 1226(c) was unconstitutional). The First, Second, and Third Circuits have all spoken on this issue in some manner. *See Black v. Decker*, 103 F.4th 133, 145 (2d Cir. 2024) ("[W]e [] read *Zadvydas*, *Demore*, [and] *Jennings* . . . to suggest strongly that due process places *some* limits on detention under section 1226(c) without a bond hearing. . . . The Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary."); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (quotation and citations omitted) ("[E]ven after *Jennings*, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause. . . . [W]hen detention becomes unreasonable, the Due Process clause demands a hearing."); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) (quotation and alteration omitted) ("[W]e adhere to the notion that the Due Process Clause imposes some form of reasonableness limitation upon the duration of detention . . . under section 1226(c)."). *See also Rodriguez v. Frink*, No. 4:26-CV-00798, 2026 WL 709487, at *4 (S.D. Tex. Mar. 13, 2026) ("The

Court agrees with the First, Second, and Third Circuits that the Due Process Clause imposes a 'reasonableness' limitation on mandatory detention of 'criminal aliens' under § 1226(c)."); *Nguyen v. Carter*, No. 26-3008-JWL, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (finding similarly); *Carballo v. Andrews*, No. 1:25-cv-00978-KES-EPG (HC), 2025 WL 2381464, at *3-4 (E.D. Cal. Aug. 15, 2025) (same). *But see Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (quoting *Demore*, 538 U.S. at 527) (stating *Demore* established a "bright-line rule []: the government can detain an alien for as long as deportation proceedings are still '*pending*'").

The Court is persuaded by the reasoning of the courts that found noncitizens detained under § 1226(c) may, in some circumstances, bring as-applied Due Process challenges to their prolonged detentions.

Respondents next object to Judge Mitchell's use of the *Mathews* factors to evaluate the process Petitioner is due and argue Petitioner is asserting a substantive, not procedural, Due Process claim. According to Respondents, Petitioner's request for a bond hearing is merely a vehicle by which he seeks to obtain a substantive determination of flight risk and dangerousness—factors that, by statute, are irrelevant because § 1226(c) subjects Petitioner to mandatory detention without consideration of whether he poses a danger or flight risk.

Respondents do not offer an alternative test Judge Mitchell should have used in analyzing Petitioner's claim, nor do they dispute her findings under the *Mathews* test. They merely dispute her use of that test in the context of a Due Process claim they view as substantive, not procedural.

In *Rodriguez*, the court examined a similar argument from the government that reliance on *Mathews* would be improper due to the substantive nature of the petitioner's Due Process claim:

> As the Second Circuit has observed, "*Mathews* 'remains a flexible test,' and takes account of individual circumstances . . . [it] comports with the Supreme Court's guidance in *Jennings* that []'due process is flexible,' . . . and . . . 'calls for such procedural protections as the particular situation demands.'" *Black*, 103 F.4th at 148 (internal citations omitted). The flexible *Mathews* framework can also account for the factors that other courts have found relevant in the immigration detention context, such as the length of detention, whether it is likely to continue, the likelihood of a final order of removal, and whether the detention has punitive elements. Finally, the *Mathews* framework can account for important differences between detention under § 1226(c) and detention under § 1225(b)(2). Namely, whereas § 1226(c) applies to noncitizens convicted of certain serious crimes, § 1225(b)(2) requires detention on the basis of a person's status as an "alien[ ] present within the United States who ha[s] not been admitted" by lawful means[] alone. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Mandatory detention under § 1225(b)(2) thus runs a higher risk of becoming unreasonable in relation to its immigration purpose, and must be analyzed accordingly. . . .

> It is true that *Mathews* generally applies in the context of procedural rather than substantive due process. But the distinction between procedure and substance in the context of mandatory immigration detention is not as clear-cut as Respondents make out. While *Demore* dealt with a substantive due process challenge, the Courts of Appeals have addressed the constitutionality of detention under § 1226(c) in part by assessing the adequacy of the procedures in place to ensure that the detention continues to serve a lawful purpose, including through the *Mathews* factors.

> In assessing the reasonability of Petitioner's detention in relation to § 1225(b)(2)'s purpose of preventing flight, the Court must consider the procedures (or lack thereof) used to make this determination, the Petitioner's liberty interest, the risk of erroneous deprivation, and the Government's interest in detention. *Mathews* is thus appropriate here. However, the Court also notes that it would reach the same result through a multi-factor analysis similar to that used by the Third Circuit.

*Rodriguez*, 2026 WL 709487, at *7-8 (citations modified and footnote omitted).

5

The Court agrees with the *Rodriguez* Court and finds Respondents' objection to the Report unpersuasive. Judge Mitchell's analysis of the *Mathews* test as it applies to Petitioner was well-reasoned and persuasive and comports with the analyses of other courts who have applied the test in similar contexts.

As a remedy, Judge Mitchell recommended this Court order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ wherein the Government bears the burden of justifying Petitioner's detention by clear and convincing evidence. Petitioner objects, arguing his release is the more appropriate remedy. Respondents also object, arguing that if Petitioner is granted a bond hearing, the Court should decline to allocate the burden of proof.

The Court agrees with Judge Mitchell and the countless other courts that have found a bond hearing is a more appropriate remedy for petitioners who have endured prolonged detention pursuant to § 1226(c). *See Smith*, 444 F. Supp. 3d at 1304 (citing *Demore*, 538 U.S. at 532) (Kennedy, J., concurring) ("[P]etitioner is entitled to an individualized bond hearing . . . for a determination as to whether his continued detention is justified by the stated purposes of the mandatory detention statutes: ensuring the safety of the community and ensuring that petitioner will be available when, or if, it is finally determined that he should be removed from the United States."); *Nguyen*, 2026 WL 522650, at *4; *Carballo*, 2025 WL 2381464, at *8; *Black*, 103 F.4th at 155; *German Santos*, 965 F.3d at 213.

However, the Court declines to shift or alter the burden of proof. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) ("At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less

6

allocated the burden of proof or applied the particular facts of this case to that evidentiary framework."). Although Petitioner is entitled to a bond hearing "the Court declines to specify or alter the burden of proof at this stage." *Gutierrez v. Garcia*, No. 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *6 n.3 (D.N.M. Feb. 5, 2026).

Accordingly, the Report and Recommendation is ADOPTED in part and DENIED in part. Respondents are ordered to provide Petitioner with a prompt bond hearing before a neutral IJ. Respondents shall certify their compliance with this Order by filing a status report within five business days of the bond hearing.

IT IS SO ORDERED this 5th day of June, 2026.

David L. Russell  
**DAVID L. RUSSELL**  
**UNITED STATES DISTRICT JUDGE**